## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DARRELL SANDERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 17 C 8563** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **ANTHONY THOMAS CANGIOLOSI**, | ) | |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

According to the 4-year-old notice of removal in this case, plaintiff, a truck driver, who

resides in Pittsburg, California, allegedly had a truck accident in Mt. Vernon in southern Illinois.

The driver of the other vehicle resides in Georgia. The trucking companies involved are incorporated

in Iowa and Minnesota. [Dkt. #1].  Nothing that occurred in this case has anything to do with Cook

County, Illinois. Nonetheless, plaintiff chose to file suit in state court in Chicago, Illinois. The

defendants removed the case to the United States District Court for the Northern District of Illinois

in Chicago on the basis of diversity jurisdiction. *See* 28 U.S.C. §1441(a).[1] The defendants have filed

a Fed.R.Civ.P. 35 Motion to Compel a medical examination of the plaintiff at the offices of Dr. Jerry

Bauer in Park Ridge, Illinois. [Dkt. #115]. While not objecting to submitting to a required medical

examination, the plaintiff has objected to having to fly across the country in the midst of a

worldwide pandemic to have the examination conducted here by Dr. Bauer.

In short, plaintiff was always going to have to travel to Chicago for a medical examination

---

[1] Defendants mistakenly cited Section 1446(a) as the basis for venue in this district when they removed the case. [Dkt. #1, Par. 12].

and for a trial. In fact, he did fly to Chicago for his deposition in June 2019. [Dkt. #115-1]. But now he does not want to come here for a medical examination because of the pandemic, asserting in his response brief that he has been diagnosed with lung cancer, which puts him at additional risk for travel. [Dkt. #117]. He says he can provide medical records if given additional time [Dkt. #117, at 3 n.1], although why he would not already have a record of the diagnosis is unknown and unexplained.

Previously, the parties were ordered to have a LR 37.2 conference – which is mandatory in all discovery disputes – and attempt to make an agreed arrangement for an independent medical examination. [Dkt. #114]. On February 26, 2021, defense counsel emailed plaintiff's counsel requesting an examination with Dr. Bauer in Park Ridge on March 22nd, indicating that the two had spoken on the phone about it. Plaintiff's counsel responded simply: "No we cannot. [Plaintiff] has underlying medical conditions that preclude him flying across the country during the pandemic." [Dkt. #115-4]. Why plaintiff's counsel did not specify the condition at that time, we do not know.

In any event, based on what transpired, it can be said that neither attorney met/conferred *in good faith* as they are required to do by Local Rule 37.2. Defendants maintained their position, and plaintiff did the same. There was no offer of compromise from either side. *See Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Security & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2.").

Both sides have left this determination to the broad discretion judges have in resolving discovery disputes. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016). That means there are no hard and fast rules. Indeed, two decision-makers—on virtually identical facts—can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd*, *McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Elliot v. Mission Trust Services, LLC*, 2015 WL 1567901, 4 (N.D. Ill. 2015). As a result, a party that obdurately maintains its position without budging could insist that it was "right," but find itself on the losing side, and properly so, when the matter comes before the court, and the court's vast discretion in overseeing discovery leads it to accept the other side's "right" position. A negotiated outcome is more likely to give both sides a mutually satisfactory resolution.

The Seventh Circuit has said that, an exercise of discretion is not wrong unless "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish." *Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001). *See also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made.").

Rule 35 provides that the court may order a physical examination by a "suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). No other requirements or suggestions for selecting an examiner are set forth in the Rule. The defendants may not have an absolute right to choose the examining doctor, but generally, the defendants' choice should be respected in the absence of a valid

objection. *See, e.g., McDonald v. Southworth*, 2008 WL 2705557, at *4 (S.D. Ind. 2008); *Chrissafis v. Continental Airlines, Inc*., 1997 WL 537874 at 5 (N.D.Ill. 1997). Here, the concern of the plaintiff is not with the defendants' choice of the examiner but with the place of examination – i.e., to flying across almost the width of the United States in the midst of a pandemic. Those concerns cannot be said to be invalid or raised merely to obstruct the defendants' undoubted right to have the plaintiff examined. Regardless of what some people in the country are doing that exposes themselves and others to a needless risk of illness or death, the interests in this case can be accommodated without in the slightest potentially endangering the plaintiff or others not connected with this case. The interests of the plaintiff and the defendants – to say nothing of those with whom the plaintiff might otherwise come in contact were he required to fly to Chicago from California for a physical examination can be easily avoided by having the defendants select a doctor to conduct the examination of the plaintiff within 100 miles of the plaintiff's residence in California. There are any number of doctors who can be available for this routine task besides Dr. Bauer. The plaintiff then can easily drive from his home to the selected doctor's office for the obligatory examination. Given what I find to be a valid objection, I exercise my discretion and direct the defendants to select a physician to conduct the examination who maintains an office within 100 miles driving distance from plaintiff's home and to schedule the required examination. Plaintiff, who is being accommodated by this Order, should be accommodating about the date and location of the required examination.

In other contexts, some other courts have exercised their discretion somewhat differently. *Compare Knuth v. Reg'l Transit Auth. of New Orleans*, 2020 WL 6742800, at *3 (E.D. La. 2020)(given the inability to compel an out-of-district IME to appear in the forum for trial, ordering

4

an IME outside the district should not be done absent evidence of hardship or burden); *Integrated Communications & Technologies, Inc. v. Hewlett-Packard Financial Services Company*, 2021 WL 723322, at *1 (D. Mass. 2021) (ordering plaintiffs, residents of China who chose to sue in the United States, to fly to the United States for examination despite pandemic); *Cameron v. Gutierrez*, 2020 WL 5326946, at *5 (D.N.M. 2020)(burden was on plaintiff to provide documentation from a licensed medical provider to the effect that, in the provider's opinion, travel from Kentucky to New Mexico during pandemic presented a medically unacceptable level of risk).

Counsel are encouraged to discuss the matter and arrange for a specific time and place for examination that will be acceptable to both sides given the holding in this Opinion. Finally, the plaintiff is ordered to produce to the defendants all medical and other records of any kind relating to his claimed diagnosis of lung cancer within 7 days of this Order.

The defendants' Motion to Compel a medical examination of the plaintiff at the offices of Dr. Bauer in Park Ridge, Illinois [Dkt. #115] is denied. However, the plaintiff must submit promptly to a medical examination consistent with this Opinion.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/24/21